**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

NATIONAL STEEL CAR LIMITED,
a Canadian corporation,

       Plaintiff,

    vs.                             Case No. 6:19-cv-00721-ADA

THE GREENBRIER COMPANIES, INC.,

       Defendant.

**DEFENDANT THE GREENBRIER COMPANIES, INC.'S MOTION TO DISMISS OR**
**TRANSFER VENUE UNDER RULE 12(b)(3) AND 28 U.S.C. § 1406(a)**

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES ..................................................................................................... ii

I.      INTRODUCTION ...................................................................................................... 1

II.     LEGAL STANDARD.................................................................................................. 2

        A.      Plaintiff Has the Burden to Prove That Venue Is Proper........................................ 3

        B.      The Patent Venue Statute .................................................................................... 3

III.    ANALYSIS .................................................................................................................. 4

        A.      Venue Is Improper in This District ...................................................................... 4

        B.      Transfer to Oregon Is Just and Appropriate........................................................ 7

IV.     CONCLUSION........................................................................................................... 9

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Ambraco, Inc. v. Bossclip B.V.*,
   570 F.3d 233 (5th Cir. 2009) ...................................................................................6

*Bd. of Regents v. Medtronic PLC*,
   No. A-17-CV-0942-LY, 2018 WL 4179080 (W.D. Tex. July 19, 2018) ....................1, 2, 5, 6

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017)..................................................................................3, 4, 7

*CUPP Cybersecurity LLC v. Symantec Corp.*,
   No. 3:18-CV-01554-M, 2019 WL 1070869 (N.D. Tex. Jan. 16, 2019) ..............................8, 9

*Interactive Toybox, LLC v. Walt Disney Co.*,
   No. 1:17-CV-1137-RP, 2018 WL 5284625 (W.D. Tex. Oct. 24, 2018)........................ passim

*LoganTree LP v. Garmin Int'l, Inc.*,
   No. SA-17-CA-0098-FB, 2017 WL 2842870 (W.D. Tex. June 22, 2017)...........................4, 5

*Miles v. Am. Tel. & Tel. Co.*,
   703 F.2d 193 (5th Cir. 1983) ....................................................................................5

*Realtime Data LLC v. Acronis, Inc.*,
    No. 6:17-CV-118 RWS-JDL, 2017 WL 3276385, at *1 (E.D. Tex. July 14,
   2017) .......................................................................................................................5

*Realtime Data LLC v. Acronis, Inc.*,
   No. 6:17-CV-118, 2017 WL 3267942 (E.D. Tex. Aug. 1, 2017) ............................................5

*Symbology Innovations, LLC v. Lego Sys., Inc.*,
   282 F. Supp. 3d 916 (E.D. Va. 2017) ........................................................................5

*TC Heartland LLC v. Kraft Foods Grp. Brands LLC*,
   137 S. Ct. 1514 (2017) ...............................................................................................1, 3, 8

*In re ZTE (USA) Inc.*,
   890 F.3d 1008 (Fed. Cir. 2018)..................................................................................3

*Wilco Marsh Buggies & Draglines, Inc. v. EIK Engineering SDN.BHD*,
   # 6-19-CV-00565-ADA, DE 12 (February 26, 2020) ............................................................2

**Statutes**

28 U.S.C. § 1400(b) ......................................................................................................... passim

28 U.S.C. § 1404..............................................................................................................1, 7, 8, 9

28 U.S.C. § 1406 ..................................................................................................................1, 2, 7, 8

28 U.S.C. § 1406(a) ...............................................................................................................2, 7

**Rules**

Federal Rule of Civil Procedure 12(b)(3) .................................................................................1, 6

**Other Authorities**

14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure*
    § 3823, Westlaw (4th ed., database updated Aug. 2019)............................................5

Defendant The Greenbrier Companies, Inc. ("GCI") respectfully moves the Court to find that venue for this action is improper in this District, and, in the interest of justice, to transfer the action to the U.S. District Court for the District of Oregon under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406.  This is NOT a request to transfer for convenience under 28 U.S.C. § 1404.

## I.   INTRODUCTION

It is well established that "the presence of a corporate relative in the district does not establish venue over another separate and distinct corporate relative."  *Bd. of Regents v. Medtronic PLC*, No. A-17-CV-0942-LY, 2018 WL 4179080, at *2 (W.D. Tex. July 19, 2018) (Yeakel, J.); *Interactive Toybox, LLC v. Walt Disney Co.*, No. 1:17-CV-1137-RP, 2018 WL 5284625, at *3 (W.D. Tex. Oct. 24, 2018) (Pitman, J.).  Indeed, Judge Yeakel and Judge Pitman of this District recently granted motions to dismiss or transfer on that basis, finding that the plaintiffs could not establish venue over the defendants based on the activities of related business entities.  *Medtronic*, 2018 WL 4179080; *Interactive Toybox*, 2018 WL 5284625.

Here, Plaintiff National Steel Car Limited ("Plaintiff") invites legal error by attempting to establish venue based on a location leased and operated by corporate relatives of GCI.  However, venue in a patent case is proper only if the defendant (i) is incorporated ("resides") in the district or (ii) has committed an act of infringement in the district ***and*** has a "regular and established place of business" there.  28 U.S.C. § 1400(b); *see TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1517, 1518-19 (2017).

GCI is not incorporated in this District and does not have any place of business in this District—let alone a "regular and established place of business" under § 1400(b).  The San Antonio location identified in the Complaint is leased and operated by ***subsidiaries*** of GCI and

cannot be imputed to GCI.  As in *Medtronic* and *Interactive Toybox*, GCI is a separate and distinct corporate entity with its own corporate formalities.  GCI, a publicly traded company listed on the New York Stock Exchange, is governed by a board of directors consisting of eight independent outside directors, one non-independent outside director, and the Chief Executive Officer of GCI.  GCI keeps audited financial records, keeps its own business records including a separate general ledger, has its own budget, has its own bank accounts, and owns its assets.[1] Because GCI does not have a regular and established place of business in this District and is not incorporated in this District, venue is improper.

Accordingly, GCI respectfully requests that the Court dismiss for improper venue or transfer this action to the U.S. District Court for the District of Oregon, where it could have been brought originally, in the interests of justice under 28 U.S.C. § 1406.  Venue is proper in the District of Oregon because GCI is both incorporated and headquartered in Oregon.  Additionally, the designers of the accused railcars and other key witnesses are in Oregon, including at least one third party who is not subject to process in Texas, as are documents relating to the design and sale of accused railcars.  GCI knows of no witnesses or relevant documents in the Western District of Texas.  (Notably, Plaintiff is headquartered and has its principal place of business in Canada—not Texas.)  Accordingly, transfer to the District of Oregon, where this action could have been brought originally, is just and appropriate.

## II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1406(a), if a case is filed in an improper venue, the district court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

---

[1] This Court issued an Order just the day before yesterday dealing with a similar fact pattern. *Wilco Marsh Buggies & Draglines, Inc. v. EIK Engineering SDN.BHD*, # 6-19-CV-00565-ADA, Order Granting Defendant's Motion to Dismiss, DE 12 (February 26, 2020).  The Court's analysis and conclusion will be discussed, *infra*.

A. **Plaintiff Has the Burden to Prove That Venue Is Proper.**

Section 1400(b) is "the exclusive provision controlling venue in patent infringement proceedings." *TC Heartland*, 137 S. Ct. at 1518 (internal quotation marks and citation omitted). Because § 1400(b) is unique to patent law, Federal Circuit law (not regional circuit law) governs the analysis of whether venue is proper. *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). Federal Circuit law provides that plaintiffs bear the burden of establishing proper venue under § 1400(b). *In re ZTE (USA) Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018) ("[U]pon motion by the Defendant challenging venue in a patent case, the Plaintiff bears the burden of establishing proper venue.").

B. **The Patent Venue Statute.**

The patent venue statute provides that "[a]ny civil action for patent infringement may be brought in the judicial district where the defendant resides, *or* where the defendant has committed acts of infringement *and* has a regular and established place of business." 28 U.S.C. § 1400(b) (emphases added).

Under the first prong of § 1400(b), "a domestic corporation 'resides' only in its State of incorporation for purposes of the patent venue statute." *TC Heartland*, 137 S. Ct. at 1517.

Under the second prong of § 1400(b), a "regular and established place of business" requires (1) "a physical place in the district"; (2) the place "must be a regular and established place of business"; and (3) "the regular and established place of business must be the place of the defendant." *In re Cray*, 871 F.3d at 1362-64 (internal quotation marks and citation omitted) (vacating finding of venue in part because defendant did not have a regular and established place of business located within the Eastern District of Texas). If any statutory requirement is not satisfied, venue is improper. *Id.*

### III.    ANALYSIS

#### A.    Venue Is Improper in This District.

Plaintiff cannot satisfy its burden of proving that venue is proper under § 1400(b).  As to the first prong of § 1400(b), GCI does not "reside" in this District.  In fact, Plaintiff concedes GCI is incorporated in Oregon.  (Dkt. 1 ("Compl.") ¶ 3; *see* Declaration of Justin Roberts in Support of Motion to Dismiss or Transfer for Improper Venue ("Roberts Dec.") ¶ 3.)

As to the second prong of § 1400(b), Plaintiff cannot show that GCI "has a regular and established place of business" in this District.[2]  It is a "prerequisite to proper venue" that a defendant have a "fixed physical location in the district."  *In re Cray*, 871 F.3d at 1362 (internal quotation marks and citation omitted) (holding that for venue to be proper "there must still be a physical, geographical location in the district from which the business of the defendant is carried out").

GCI does not own, lease, or operate any business at a location in this District.  (Roberts Dec. ¶¶ 5-6.)  Although the Complaint alleges a place of business at 497 South Tayman Street, San Antonio, Texas 78226 (Compl. ¶ 3), that location is not a place of business of GCI.  Rather, a subsidiary of GCI, Gunderson Rail Services, LLC ("Gunderson Rail"), provides repair services for rail equipment at that location.  (Declaration of Rick Turner in Support of Motion to Dismiss or Transfer For Improper Venue ("Turner Dec.") ¶¶ 4, 7 and Ex. B.)  Gunderson Rail was the original leaseholder at the San Antonio location and another subsidiary of GCI, Greenbrier Rail Services Holdings, LLC ("Greenbrier Holdings"), now holds the lease from the Port of San Antonio.  (Turner Dec. ¶¶ 4–5, Exs. B, C.)  For this reason alone, venue over GCI is improper in this District.  *See, e.g.*, *LoganTree LP v. Garmin Int'l, Inc.*, No. SA-17-CA-0098-FB, 2017 WL

---

[2] GCI denies that it has committed acts of infringement anywhere.  For purposes of this Motion, however, GCI focuses on its lack of a regular and established place of business in this District, which alone forecloses Plaintiff from carrying its burden to show that venue is proper.

2842870 (W.D. Tex. June 22, 2017) (dismissing for lack of venue under § 1400(b) despite

defendant's allegedly infringing sales in Texas because defendant did not have a physical

location in Texas); *Realtime Data LLC v. Acronis, Inc.*, No. 6:17-CV-118 RWS-JDL, 2017 WL

3276385, at *1 (E.D. Tex. July 14, 2017) (dismissing complaint for improper venue under

§ 1400(b) in part because defendant "d[id] not own, lease, or rent any office space in Texas"),

*report and recommendation adopted*, No. 6:17-CV-118, 2017 WL 3267942 (E.D. Tex. Aug. 1,

2017).

It is irrelevant whether the San Antonio location constitutes a "regular and established

place of business" of Gunderson Rail or Greenbrier Holdings.  Venue cannot be imputed to a

defendant based on a related entity's alleged "regular and established place of business" in the

forum.  "Except where corporate formalities are ignored and an alter ego relationship exists, the

presence of a corporate relative in the district does not establish venue over another separate and

distinct corporate relative."  *Medtronic*, 2018 WL 4179080, at *2; *Interactive Toybox*, 2018 WL

5284625, at *3.  Indeed, "[s]o long as a formal separation of the entities is preserved, the courts

ordinarily will not treat the place of business of one corporation as the place of business of the

other."  14D Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3823,

Westlaw (4th ed., database updated Aug. 2019).  "Texas courts are loathe to merge the separate

legal identities of parent and subsidiary unless the latter exists as a mere tool or 'front' for the

parent, or the corporate fiction is utilized to achieve an inequitable result, or to conceal fraud or

illegality." *Miles v. Am. Tel. & Tel. Co.*, 703 F.2d 193, 195 (5th Cir. 1983).  It requires "a high

standard" of proof to show that related companies lack formal corporate separateness.

*Symbology Innovations, LLC v. Lego Sys., Inc.*, 282 F. Supp. 3d 916, 931-33 (E.D. Va. 2017)

(holding that Lego Brand Retail's store locations in the district "cannot be attributed to Lego

Systems because formal corporate separateness is maintained").  This Court applied these rules of law in its Wilco Marsh Order earlier this week.  Here, as there, there is no evidence that the relationship between defendant GCI and the subsidiaries that have leased real estate in San Antonio is anything other than facts, "in the nature of a parent-subsidiary relationship." Slip Op. at 4, n.2 (*quoting Adm'rs of Tulane Educ. Fund v. Ipsen, S.A*., 450 Fed. App'x. 326, 332 (5<sup>th.</sup> Cir. 2011)), (*additional citation omitted*).

When considering a venue motion under Federal Rule of Civil Procedure 12(b)(3), "the court is permitted to look at evidence in the record beyond simply those facts alleged in the complaint and its proper attachments."  *Ambraco, Inc. v. Bossclip B.V*., 570 F.3d 233, 238 (5th Cir. 2009) (internal quotation marks and citation omitted).  Here, the record shows that Gunderson Rail and Greenbrier Holdings are legal entities that maintain their corporate formalities separate from GCI.  (Turner Dec. ¶¶ 2, 3, 6, Exs. A, D; Roberts Decl. ¶¶ 2-4, Ex. A.)

That a sign at the San Antonio location leased by Greenbrier Holdings may include the "Greenbrier" name hardly establishes a regular place of business for GCI.  (*See* Compl. ¶ 3; Turner Dec. ¶ 7.)  In *Medtronic*, the Court found that the generic "Medtronic" company sign "could be affixed to any facility operated by any corporately distinct Medtronic subsidiary," but that the San Antonio facility in question was leased by MiniMed, Inc., a wholly owned subsidiary of the defendant, and operated by Medtronic MiniMed, Inc. and its subsidiary MiniMed Distribution Corp., each a distinct corporate entity from the named defendant Medtronic, Inc.  *Medtronic*, 2018 WL 4179080, at *2.  Because the San Antonio facility was leased and operated by "three separate corporate entities that maintain their corporate separateness," the court found that the San Antonio facility was not "the place of the defendant,"

*id.* (citing *In re Cray*, 871 F.3d at 1360), and dismissed the claims against Medtronic, Inc. for improper venue, *id.*

Similarly, in *Interactive Toybox*, the plaintiff sought to establish venue based on brick-and-mortar Disney Stores in the Austin area.  The defendants averred that the Disney Stores were operated by Disney Stores USA, LLC and should not be imputed to named defendants The Walt Disney Company or Disney Consumer Products.  *Interactive Toybox*, 2018 WL 5284625, at *3. The court found that the plaintiff had not met its burden to establish that the defendants were ignoring corporate formalities or exerting such control that would make Disney Stores USA, LLC a mere alter ego of either defendant.  *Id.* at *4.  To that end, the court observed there "must be a plus factor, something beyond the subsidiary's mere presence within the bosom of the corporate family" for the alter ego doctrine to apply.  *Id.* at *3 (internal quotation marks and citation omitted).  The court transferred the case from this District to the Central District of California.  *Id.* at *4.

The same reasoning applies here.  As a publicly traded company, GCI scrupulously maintains corporate formalities.  (Roberts Dec. ¶¶ 2-4.)  Both Gunderson Rail and Greenbrier Holdings, also maintain separate corporate formalities.  (Turner Dec. ¶¶ 2, 3, 6, Exs. A and D.) Nothing suggests otherwise.  In fact, Plaintiff offers only a conclusory allegation that venue is proper in this District, without factual support.  (Compl. ¶ 6.)  Hence, Plaintiff cannot carry its burden of proof, and venue is improper in this District.

### B.      Transfer to Oregon Is Just and Appropriate.

Under 28 U.S.C. § 1406, the Court may, "if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."  28 U.S.C. § 1406(a).  GCI requests that the Court transfer this case to the District of Oregon, where GCI is incorporated and

therefore "resides" for purposes of the patent venue statute.  *TC Heartland*, 137 S. Ct. at 1517.

GCI's principal place of business is also in the District of Oregon.  (Roberts Dec. ¶ 3.)

While the factors considered in assessing transfer under § 1406 are generally the same as in assessing transfer for convenience under § 1404, the burden is different.  That is, courts reject the "clearly more convenient" burden for § 1406 transfer motions because—unlike a motion to transfer for convenience under § 1404, where the plaintiff's initial choice of venue was proper and transfer is purely within the court's discretion—the plaintiff's initial venue choice was improper and transfer is appropriate "if it is in the interest of justice."  *CUPP Cybersecurity LLC v. Symantec Corp.*, No. 3:18-CV-01554-M, 2019 WL 1070869, at *7 (N.D. Tex. Jan. 16, 2019).

Here, transfer to the District of Oregon is in the interest of justice:

- All documents and witnesses relating to the design and development of the accused railcars are located in the District of Oregon—not the Western District of Texas. (Roberts Dec. ¶¶ 16–17.)

- Marketing, promotion, and sales functions relating to the accused railcars are based principally in the District of Oregon, and witnesses on those subjects are found in the District of Oregon—not the Western District of Texas.  (*Id.* ¶ 18.)

- The financial and other business records for the accused railcars that may be relevant to potential damages are located in the District of Oregon—not the Western District of Texas.  (*Id.* ¶ 19.)

- One of the four customers that bought the accused railcars resides in the District of Oregon, and is subject to compulsory process there—none of the customers are located in the Western District of Texas.  (*Id.* ¶ 20.)[3]

- After the customer that resides in Oregon decided not to buy certain railcars from Plaintiff, Plaintiff directed threatening communications regarding its patents to an executive of this customer who is located in Eugene, Oregon.  (Declaration of Oren Posner In Support of Motion to Dismiss or Transfer for Improper Venue, ¶ 2, Ex.B.)

---

[3] Notably, Plaintiff is headquartered and has its principal place of business in Canada—not Texas.  (Compl. ¶ 2.)

The efficient path forward, which would serve the interest of justice, is to transfer this case to the District of Oregon. *See CUPP Cybersecurity*, 2019 WL 1070869, at *8 (finding improper venue under § 1400(b) and transferring in the interest of justice under § 1406 based primarily on the location of employees and evidence regarding the "design, development, implementation, marketing, promotion, financials, and sales" of the accused products).

## IV.  CONCLUSION

Based on the foregoing, Defendant GCI asks the Court to find that venue is improper in this District and dismiss or transfer the action to the District of Oregon, where venue is proper.

Dated: <u>February 28, 2020.</u>                    Respectfully submitted,

Marc S. Cooperman (Admitted W.D. Texas)
Illinois State Bar No. 6201035
J. Pieter van Es (Admitted W.D. Texas)
Illinois State Bar No. 6210313
BANNER & WITCOFF, LTD.
71 South Wacker Drive, Suite 3600
Chicago, Illinois 60606
Tel: (312) 463-5000
Fax: (312) 463-5001
Email: mcooperman@bannerwitcoff.com
Email: pvanes@bannerwitcoff.com

By:     <u>*/s/ J. Stephen Ravel*</u>
J. Stephen Ravel
Texas State Bar No. 16584975
J.R. Johnson
Texas State Bar No. 24070000
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
Tel: (512) 495-6429
Fax: (512) 495-6438
Email: steve.ravel@kellyhart.com
Email: jr.johnson@kellyhart.com

**ATTORNEYS FOR DEFENDANT THE GREENBRIER COMPANIES, INC.**

## **REQUEST FOR ORAL HEARING**

Defendant The Greenbrier Companies, Inc., pursuant to Local Rule CV-7 (h),  requests an oral hearing on this Motion.


## **CERTIFICATE OF SERVICE**

I hereby certify that all counsel of record who are deemed to have consented to electronic service are being served with a copy of the foregoing document via the Court's CM/ECF system per Local Civil Rule CV-5(b)(1) on February 28, 2020.

*/s/ J. Stephen Ravel*
J. Stephen Ravel